UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERISE MCMILLAN,

     Plaintiff,

                                    Case No. 26-cv-11052

v.                                Honorable Linda V. Parker

OPTALIS HEALTHCARE,

     Defendant.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT**

On March 31, 2026, Plaintiff filed this lawsuit against Defendant and an application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. Plaintiff asserts claims against Defendant under Title VII of the Civil Rights Act of 1964 ("Title VII" and the American Disabilities Act ("ADA"). The Court is granting Plaintiff's IFP application. However, because the Complaint does not plausibly plead facts to support Plaintiff's claims against Defendant in accordance with Federal Rule of Civil Procedure 8(a), the Court is requiring her to file an amended pleading.

Rule 8(a) requires that a complaint set forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand

for judgment for the relief sought.  *See* Fed. R. Civ. P. 8(a).  A complaint must contain sufficient factual matter, that when accepted as true, "'state[s] a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)).  A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct.  *Id*. (citing *Twombly*, 550 U.S. at 556).  A complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .."  *Twombly*, 550 U.S. at 555.  A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Generally, a less stringent standard is applied when construing the allegations pleaded in a pro se complaint.  *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972).  Even when held to a less stringent standard, however, Plaintiff's Complaint fails to satisfy Rule 8.  Specifically, it is unclear from Plaintiff's filing what the basis is for her Title VII claim and whether Defendant, as opposed to Plaintiff's former employer, failed to accommodate her medical needs.

Title VII prohibits employers from failing or refusing to hire or from discharging an individual "because of such individual's race, color, religion, sex,

or national origin." 42 U.S.C. § 2000e-2(a)(1).  Plaintiff does not allege the basis

for the alleged discrimination—that is, whether she was terminated because of her

race, color, religion, sex or national origin.  Nor does she allege facts suggesting

that her termination was because of her membership in a protected class.  All that

is alleged is that Defendant terminated Plaintiff because she refused to accept a

decrease in her salary when Defendant took over for her previous employer.

The ADA prohibits an employer from "not making reasonable

accommodations to the known physical or mental limitations of an otherwise

qualified individual with a disability who is an applicant or employee."  42 U.S.C.

§ 12112(b)(5)(A).  Plaintiff alleges in the Complaint that a human resources

representative refused to accommodate her after she broke her leg and while her

leg was in a medical boot.  It is not evident from the Complaint what Plaintiff's

specific physical limitations were.  More significantly, it appears from the

allegations that the alleged failure to accommodate her limitations happened before

Defendant became Plaintiff's employer.  In an amended pleading, Plaintiff must

identify the physical limitations necessitating an accommodation and allege facts

showing that *Defendant* failed to accommodate her limitations.

Accordingly,

**IT IS ORDERED** that Plaintiff's application to proceed IFP is **GRANTED**.

3

**IT IS FURTHER ORDERED** that **within twenty-one (21) days** of this Opinion and Order, Plaintiff shall file an amended complaint in compliance with Federal Rule of Civil Procedure Rule 8 or this action will be dismissed without prejudice.[1]

s/ Linda V. Parker

LINDA V. PARKER

U.S. DISTRICT JUDGE

Dated: April 1, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 1, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan

Case Manager

---

[1] The Court advises Plaintiff that the District's website contains information useful to pro se parties: http://www.mied.uscourts.gov/. Among the resources available is the University of Detroit Mercy Law School Federal Pro Se Legal Assistance Clinic and the District's Pro Se Case Administrator.

4